**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

BENNIE PINO,

       Plaintiff,

v.                                              No. CV 19-666 MV/CG

FMU WATCHMAN, et al.,

       Defendants.

## <u>ORDER DENYING MOTIONS FOR APPOINTMENT OF COUNSEL</u>

**THIS MATTER** is before the Court on Plaintiff Bennie Pino's *Motion for Appointment of Counsel*, (Doc. 3), and *Motion for Appointment of Counsel*, (Doc. 10). For the reasons discussed below, the Court finds Mr. Pino's Motions should be **DENIED**.

There is no right to appointment of counsel in a civil rights case. Instead, the decision whether to request assistance of counsel rests in the sound discretion of the Court. *Beaudry v. Corrections Corp. of America,* 331 F.3d 1164, 1169 (10th Cir. 2003); *MacCuish v. United States,* 844 F.2d 733, 735 (10th Cir. 1988). In determining whether to appoint counsel, the district court should consider the merits of the litigant's claims, the nature and complexity of the factual and legal issues, and the litigant's ability to investigate the facts and to present his claims. *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004).

The Court has reviewed the complaint and subsequent filings in light of the foregoing factors. Mr. Pino appears to understand the issues in the case and to be representing himself in an intelligent and capable manner. *See Lucero v. Gunter*, 52

F.3d 874, 878 (10th Cir. 1995). Accordingly, the Court will deny the Motions for Appointment of Counsel.

**IT IS THEREFORE ORDERED** that Mr. Pino's *Motion for Appointment of Counsel*, (Doc. 3), and *Motion for Appointment of Counsel*, (Doc. 10), are **DENIED**.

**IT IS SO ORDERED**.

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE